HENRY SPAULDING and others, Administrators, in equity,

*vs.*

NATHAN A. FARWELL and others.

*Equity practice upon exceptions to answer.*

Matter in an answer in equity may be generally regarded as impertinent, which cannot be put in issue, or given in evidence between the parties.

The decision of a member of the court, under the eighth rule in chancery, whether allegations in an answer are impertinent or not, cannot be revised before final hearing, unless the decision is made in open court in term time as a part of the proceedings of the case, for the purpose of presenting important questions in a summary manner.

ON EXCEPTIONS.

BILL IN EQUITY, brought by the late William McLoon, and prosecuted by his administrators, to obtain an adjustment of the accounts of the ship Amelia, formerly owned by the parties to the bill, and of the proceeds of her sale. The answers of Mr. Farwell and of Francis Cobb, two of the respondents, contained allegations of indebtedness on the part of Capt. McLoon to these parties respectively, and in that of Mr. Cobb was a further averment that the complainant had told him he did not intend to have Cobb's name in the bill, and would instruct his counsel to strike it out. To these statements the complainant excepted, under the eighth rule regulating chancery practice in this respect, as impertinent, and the justice to whom the papers were forwarded ordered them stricken out. To this ruling these respondents took the exceptions here presented.

*Peter Thacher*, for the respondents, Farwell and Cobb.

*Gould & Moore*, for the complainants.

PETERS, J. The complainants except to a portion of both answers in this case as impertinent.

It has often been declared by the courts, that the best rule to ascertain whether the matter excepted to, be impertinent, is to see whether the subject of the allegation could be put in issue or be given in evidence between the parties. An application of this test here clearly shows that the ruling of the presiding judge must be sustained.

The bill seeks to obtain from the respondents an account and settlement of the earnings of a vessel, owned by the parties to the bill as tenants in common. Two of the respondents, in their answers, virtually admit the principal facts alleged in the bill, but set up the statute of limitations as a defence thereto. This, of course, is proper enough. But they then go further and, by way of excuse or justification for setting up such a plea, assert that the complainant is indebted to them respectively in certain other accounts, which have no connection whatever with the transactions set forth in the bill. This was unnecessary and improper. It introduces matters which cannot be put in issue, and about which evidence cannot be received. It would only excite prejudice or feeling, and tend to unnecessary discussion and delay. The rule which disallows impertinent allegations is a sound and just one, and, whenever required, should be enforced.

Another question arises which, as a rule of practice, it may be well to advert to. The complainant contends that exceptions by the respondents to the order of the court, will not lie in a case like this, and that they should therefore be dismissed. This, however, we think depends upon circumstances. Ordinarily, in such a case, exceptions would not lie. By the eighth rule in chancery, (37 Maine, 583,) the papers with the remarks of counsel are to be presented "to a member of the court for decision." This decision must be conclusive unless it can be reviewed by force of some statutory provision. By R. S., c. 77, § 13, among the cases which come before the court as a court of law, are "cases in equity presented on demurrer to the bill, or when prepared for a final hear-

Spaulding *v.* Farwell.

ing." This would seem to exclude the hearing of exceptions upon interlocutory motions, at any rate before the final hearing. But by § 21, it is provided that when the court is held by one justice, a party aggrieved by any of his opinions, directions or judgments "in any civil or criminal proceeding," may, during the term, present written exceptions thereto in a summary manner. We think that, from the statutes and the rule taken together, it plainly results, that summary exceptions, as in the present cases, are allowable where the member of the court, to whom the papers are referred, sees fit to make his order in open court upon the records thereof, but that it would be discretionary with him to do so or not as he pleased. Whether he would do so, of course, would depend upon the good faith exhibited by parties in these proceedings, and upon the importance of the questions raised. We do not, however, mean to intimate, if any questions are incorrectly decided by a member of a court, and no opportunity is given for a revision of such decision before final hearing, that the court would not then examine into such question, and see that no injury shall thereby be sustained.

*Respondents' exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.